**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## SUCV2011-00989
## Erickson v Johnson Controls Inc

| | | | |
|---|---|---|---|
| **File Date** | 03/15/2011 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 04/28/2011 | **Session** | D - Civil D, 3 Pemberton Sq, Boston |
| **Origin** | 1 - Complaint | **Case Type** | B05 - Products liability |
| **Track** | A - Average track | **Lead Case** | |

**Jury Trial** Yes

**DEADLINES**

| | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---|---|---|---|---|---|---|---|
| **Served By** | | | 07/13/2011 | 05/08/2012 | 03/04/2013 | 04/03/2013 | | |
| **Filed By** | 06/13/2011 | 07/13/2011 | 08/12/2011 | 06/07/2012 | | 05/03/2013 | | 02/27/2014 |
| **Heard By** | | | 09/11/2011 | 06/07/2012 | | | 08/31/2013 | |

**PARTIES**

**Plaintiff**
Peter Erickson
Active 03/15/2011

**Private Counsel 554085**
Richard J. Sullivan
Sullivan & Sullivan
40 Washington Street, Suite 200
Wellesley Hills, MA 02481
Phone: 781-263-9400
Fax: 781-239-1360
Active 03/15/2011 Notify

**Defendant**
Johnson Controls Inc
Served: 03/28/2011
Served (answr pending) 04/21/2011

**Private Counsel 013365**
William F. Ahern, Jr.
Clark, Hunt, Ahern & Embry
55 Cambridge Parkway
Cambridge, MA 02142
Phone: 617-494-1920
Fax: 617-494-1921
Active 04/28/2011 Notify

**ENTRIES**

| Date | Paper | Text |
|---|---|---|
| 03/15/2011 | 1.0 | Complaint & jury demand |
| 03/15/2011 | | Origin 1, Type B05, Track A. |
| 03/15/2011 | 2.0 | Civil action cover sheet filed ($358,000.00) |
| 04/21/2011 | 3.0 | SERVICE RETURNED: Johnson Controls Inc(Defendant) in hand to Gail Brown Process Clerk |
| 04/27/2011 | | Copy of Petition for Removal to US Dist Court of defendant (US Dist# 11-cv-10701) |
| 04/28/2011 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

I HEREBY ATTEST AND CERTIFY ON May 5, 2011, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: [signature]
Asst. Clerk

Suffolk Superior Civil Court
11-989

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

U.S. Dist. #
**DOCKET NO. 11-10701**

| | |
|---|---|
| **PETER ERICKSON,**<br>**Plaintiff** | ) |
| **v.** | ) |
| **JOHNSON CONTROLS, INC.,**<br>**Defendant** | ) |

2011 APR 27 AM 11:05

**DEFENDANT, JOHNSON CONTROLS, INC.'S**
**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT**

Pursuant to the provisions of 28 U.S.C. §§ 1332(a), 1441(a) and 1446, defendant, Johnson Controls, Inc. ("JCI"), hereby gives notice of its removal of this action to the United States District Court for the District of Massachusetts from Suffolk Superior Court of Massachusetts. In support thereof, the defendant respectfully states the following grounds for removal:

1. JCI is the sole defendant in a civil action filed on March 15, 2011 by the plaintiff, Peter Erickson, captioned Peter Erickson v. Johnson Controls, Inc., Suffolk Superior Court, Civil Action No. 11-0989 ("Action"). Copies of the Summons, Complaint and Civil Action Cover Sheet are attached as "Exhibit A".

2. The Summons, Complaint and Civil Action Cover Sheet, along with a First Set of Interrogatories ("Interrogatories") and a First Request for Production of Documents ("Request for Production") were served upon JCI on March 28, 2011. Copy of the Service of Process Transmittal is attached as "Exhibit "B". Copies of the Interrogatories and Request for Production are attached as "Exhibit C".

3.     The plaintiff is a citizen of Middlesex County in the Commonwealth of Massachusetts. JCI is a corporation with its principal place of business in Milwaukee, Wisconsin.

4.     The plaintiff alleges that he suffered personal injury and damages as a result of the negligence of JCI. According to the Civil Action Cover Sheet filed with the Complaint ("Exhibit A"), plaintiff claims medical expenses and lost wages of three hundred fifty eight thousand dollars ($358,000.00)

5.     This United States District Court has original jurisdiction in this Action where, as here, the parties to the Action are from different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000).

6.     JCI's Notice of Removal is filed within thirty (30) days after the receipt of the Summons and Complaint and the time for filing this Notice has not expired.

7.     A true and correct copy of this Notice will be filed with the Clerk of Suffolk Superior Court in the Commonwealth of Massachusetts as provided by law.

8.     The defendant will request that the Clerk of Suffolk Superior Court of the Commonwealth of Massachusetts provide certified or attested copies of all records and proceedings in the Action and certified or attested copies of all docket entries thereon. JCI will cause such attested or certified copies of the state court record to be filed with this court within thirty (30) days hereof, as required.

9.     Counsel for JCI is duly admitted to practice before this Court and signs this Notice of Removal in accordance with the requirements of F.R.C.P. 11

WHEREFORE, defendant, Johnson Controls, Inc., respectfully requests that the above-referenced action, now pending in Suffolk Superior Court of the Commonwealth

of Massachusetts, be removed from that Court to the United States District Court for the District of Massachusetts.

Respectfully submitted,
Defendant, Johnson Controls, Inc.,
By its attorneys,

**CLARK, HUNT, AHERN & EMBRY**

*/s/ William F. Ahern, Jr.*
William F. Ahern, Jr. (BBO# 013365)
55 Cambridge Parkway
Cambridge, MA 02142
wahern@chelaw.com
(617) 494-1920

Dated: April 25, 2011

**CERTIFICATE OF SERVICE**

I, William F. Ahern, Jr., hereby certify that this document filed through the ECF system has been sent electronically to the registered participants, as identified on the Notice of Electronic Filling (NEF), and paper copies will be sent to those indicated as non-registered participants on this 25th day of April 2011.

*/s/ William F. Ahern, Jr.*
William F. Ahern, Jr. (013365)

I HEREBY ATTEST AND CERTIFY ON
May 2, 2011, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:
Asst. Clerk

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Peter Erickson

**DEFENDANTS**
Johnson Controls, Inc.

**(b)** County of Residence of First Listed Plaintiff: Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: 
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Sullivan & Sullivan, LLP (781) 263-9400 - 40 Washington St., Wellesley, MA 02141 - Richard J. Sullivan, Esq.

Attorneys (If Known)
Clark, Hunt, Ahern & Embry (617) 494-1920 - 55 Cambridge Pkwy., Cambridge, MA 02142 - William F. Ahern, Jr., Esq.

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☒ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C., Section 1332(a)

Brief description of cause:
Plaintiff alleges injury caused by Defendant's product, includes failure to warn and M.G.L. c. 93A

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** 
CHECK YES only if demanded in complaint: **JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE: 04/25/2011 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Peter Erickson v. Johnson Controls, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

☐ I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

☐ II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

☑ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

☐ IV. 220, 422, 423, 430, 460, 462, 463, 465, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐ NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

YES ☐ NO ☑

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐ NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐ NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES ☐ NO ☑

A. If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☐ Central Division ☐ Western Division ☐

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division ☑ Central Division ☑ Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES ☐ NO ☑

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME William F. Ahern, Jr., Esq.

ADDRESS Clark, Hunt, Ahern & Embry - 55 Cambridge Parkway, Cambridge, MA 02142

TELEPHONE NO. (617) 494-1920

1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT
CIVIL ACTION #
11-0989 D

PETER ERICKSON, Plaintiff

v.

JOHNSON CONTROLS, INC., Defendant

2011 MAR 15 PM 2:54
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE
SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE

**COMPLAINT WITH JURY CLAIM**

1. The plaintiff, PETER ERICKSON ("the plaintiff") is an individual who resides at 128 Central Street, Acton, County of Middlesex, Commonwealth of Massachusetts.

2. The defendant, JOHNSON CONTROLS, INC. (hereafter, Johnson), is, upon information and belief, a foreign corporation with a principal place of business located at 5757 N. Green Bay Ave., Milwaukee, Wisconsin 53209. Johnson is subject to this Court's jurisdiction, both under the common law and the provisions of Massachusetts General Laws, Chapter 223A. Furthermore, the defendant maintains a registered office in the Commonwealth at 155 Federal Street, Suite 700, Boston, County of Suffolk, and its registered agent at said registered office is CT Corporation Systems.

3. On or about October 21, 2009, Johnson was the designer, manufacturer, tester, supplier, seller, and/or distributor of a large commercial air conditioning unit known as a "York Chiller" ("the Chiller"). Prior to October 21, 2009, Johnson had distributed, supplied and/or sold the Chiller in Massachusetts.

4.    On or about October 21, 2009, the plaintiff, while working for his employer, G&M

Trucking, Inc., was on a job site in Waltham, Middlesex County, Massachusetts, and

was in the process of assisting in removing shrink-wrap material from the bottom of

the Chiller, which had been lifted off the ground to accommodate this process. A

110,000 pound crane was being used to lift the Chiller onto the roof of a building at

that location. While in the performance of his duties and while acting with all due

care for his safety and the safety of others, and while acting in accordance with and

subject to the instructions created by and placed on the Chiller by the defendant, the

plaintiff sustained severe and permanent injuries when the Chiller crashed down,

striking him on the leg.

5.    The plaintiff's claims against the defendant, Johnson, arise from Johnson's:

   a.   transacting business in the Commonwealth of Massachusetts;

   b.   contracting to supply services or things in the Commonwealth of

        Massachusetts;

   c.   causing tortious injury by an act or omission in the Commonwealth of

        Massachusetts; and/or

   d.   causing tortious injury in the Commonwealth of Massachusetts by an act or

        omission outside of the Commonwealth of Massachusetts and regularly doing

        and soliciting business and engaging in other persistent courses of conduct,

        and deriving substantial revenue from goods used or consumed or services

        rendered in the Commonwealth of Massachusetts.

**COUNT I (Negligence vs. Johnson)**

6. The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 5 and incorporates each as if fully set forth herein.

7. This count is for negligence and is brought by the plaintiff against Johnson.

8. Johnson, was negligent with respect to the designing, manufacturing, testing, inspecting, distributing and selling of the Chiller and of the shrink-wrap packaging in which it came, and was negligent in its failure to warn the plaintiff and others of the dangers of working with the Chiller during installation. Defendant failed to equip the Chiller or its shrink-wrap packaging with adequate safeguards, warnings and/or instructions.

9. As the direct and proximate result of Johnson's negligence, the plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, PETER ERICKSON, demands judgment against JOHNSON, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

**COUNT II (Breach of Implied Warranty vs. Johnson)**

10. The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 9 and incorporates each as if fully set forth herein.

11. This Count is for Breach of Implied Warranty and is brought by the plaintiff against Johnson.

12. Johnson impliedly warranted to the plaintiff that the Chiller unit and its shrink-wrapping were merchantable, safe, and fit for ordinary purposes. Johnson is a merchant with respect to goods and materials of the kind involved in the accident. The Chiller unit, its shrink-wrap packaging, and the warnings and instructions, if any, which accompanied them were defective, and therefore the product was not, in fact, merchantable, safe, and fit as warranted by Johnson. Therefore, Johnson has breached these warranties to the plaintiff.

13. As the direct and proximate result of Johnson's breaches of the implied warranties which accompanied the Chiller and its shrink-wrapping, the plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, and lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, PETER ERICKSON, demands judgment against JOHNSON in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

**COUNT III (Breach of Express Warranties vs. Johnson)**

14. The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 13 and incorporates each as if fully set forth herein.

15. The Chiller and its accompanying shrink-wrapping, which were designed, manufactured, tested, and distributed by Johnson, came with express warranties.

16. Johnson breached the express warranties which accompanied the Chiller and its accompanying shrink-wrapping.

17. As a direct and proximate result of Johnson's breach of the express warranties which came with the Chiller and its accompanying shrink-wrapping, the plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, and lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, PETER ERICKSON, demands judgment against JOHNSON in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

**Count IV (Violations of M.G.L. c. 93A vs. Johnson)**

18. The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 17 and incorporates each as if fully set forth herein.

19. JOHNSON's distribution and sale of a defective and unsafe Chiller unit accompanied by defective and unsafe shrink-wrapping, coupled with JOHNSON's failure to adequately warn foreseeable users about the hazards associated with same, and its breaches of implied and express warranties, constituted unfair and/or deceptive business practices which violated M.G.L. c. 93A.

20. On or about October 8, 2010, the plaintiff, through his counsel, served a written demand for relief on JOHNSON in compliance with M.G.L. c. 93A, §9. That written demand for relief alleged that JOHNSON had engaged in unfair and deceptive business practices in connection with the Chiller unit and its accompanying shrink-wrapping, which were involved in the plaintiff's accident ( a copy of the letter is attached hereto and marked "A").

21. The defendant requested that the plaintiff allow it additional time to respond to his 93A demand letter. Plaintiff agreed to this request.

22. On or about March 9, 2010, JOHNSON, through its counsel, served its written response to the plaintiff's 93A demand letter. JOHNSON's response did not include a reasonable settlement offer.

WHEREFORE, the plaintiff, PETER ERICKSON, as the result of the unfair and deceptive business practices of JOHNSON, demands judgment against JOHNSON on his claim under M.G.L. c. 93A, and asks that the amount of said judgment be in an amount not less than two times, nor more than three times, his actual damages, and further, the plaintiff prays that he also be awarded attorney's fees and costs due to JOHNSON's unfair and deceptive business practices.

THE PLAINTIFF CLAIMS TRIAL BY JURY

I HEREBY ATTEST AND CERTIFY ON May 2, 2011, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: Asst. Clerk

Respectfully submitted,

The plaintiff,
PETER ERICKSON
By his Attorneys,

Richard J. Sullivan, Esq.
BBO # 554085
Eugene F. Sullivan, Jr., Esq.
BBO #485720
Sullivan & Sullivan, LLP
40 Washington Street
Wellesley, MA 02481
(781) 263-9400

Dated: March 15, 2010

"A"

SULLIVAN & SULLIVAN, LLP
Attorneys at Law
40 Washington Street
Wellesley, Massachusetts 02481

Richard J. Sullivan
Mark D. Sullivan
Eugene F. Sullivan, Jr.
Ralph J. Cafarelli
Owen R. O'Neill

Ernest J. Palazzolo, Jr.

Telephone (781) 263-9400
Fax (781) 239-1360

October 8, 2010

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 7008 0500 0002 1439 2348**
President
Johnson Controls, Inc.
5757 N. Green Bay Ave.
Milwaukee, WI 53209

RE: Peter Erickson v. Johnson Controls, Inc.

Dear Sir/Madam:

**WRITTEN DEMAND FOR RELIEF UNDER M.G.L. C. 93A, § 9(3)**

This letter is a written demand for relief in the amount of Three Million ($3,000,000.00) Dollars, sent to you in accordance with Massachusetts General Laws, chapter 93(A), §9(3) on behalf of our client, Peter Erickson. Our demand is made in connection with severe and permanent personal injuries which Mr. Erickson suffered on October 21, 2009 as a direct result of his coming into contact with a negligently and defectively designed air conditioning unit manufactured by York Air Conditioning division of Johnson Controls, Inc. The unit in question is a "York Chiller". (Photographs of the unit are enclosed).

In compliance with M.G.L. chapter 93(A), §9(3), and Whitney v. The Continental Insurance Company, 595 F. Supp, 939, 942 n1, 946 n10 (1984), this letter is addressed directly to your company. It is strongly recommended that your company consult legal counsel before responding to this letter, as your response – or lack of a proper response within thirty days – may lead to the imposition of an award against Johnson Controls, Inc., of up to three times the plaintiff's damages, together with costs and attorneys' fees.

One of the primary purposes of the demand letter prerequisite to a Chapter 93A suit is to encourage negotiation and settlement. Thorpe v. Mutual of Omaha Ins. Co., 984 F.2d 541 (1st Cir. 1993). It affords the defendant an opportunity to review the facts and the law involved to determine whether the requested relief should be granted or denied

and to enable the defendant to make a reasonable tender of settlement in order to limit recoverable damages. Fredericks v. Rosenblatt, 40 Mass.App.Ct. 713 (1996).

## I. Liability

The material facts in this case, none of which can reasonably be disputed, are as follows:

On October 21, 2009 Peter Erickson, an employee of G&M Trucking, Inc. was part of a crew assigned to lift two York Chiller Units, each weighing 13,298 pounds, onto the roof of a building at 852 Winter Street, Waltham. The York Chiller units were quite large: Each measured 19 feet, 2 inches in length, 7 feet, 4 inches in height, and 7 feet, 4 inches in width. The units were to be hoisted into place using a 200-ton crane with a 110,000 pound lifting capacity. Astro Crane Service, of Stow, Massachusetts ("Astro Crane") owned the crane, which was being operated by an employee of Astro Crane. After hoisting the first of the two units into place without incident, the crane operator began to lift the second York Chiller. When the operator of the crane got the Chiller to approximately six and a half feet off the ground, the rigging team, which included Peter Erickson, began to remove packaging from the bottom of the Chiller unit. The unit was rigged using 4-way spreader bars attached to the chain hoists as well as R-Springs, load levelers, and heavy metal shackles to attach the metal hoist chains to the base eyelets of the unit. The York Chillers came from your company with a diagram illustrating the proper lifting of the units. The hoisting crew followed your company's instructions to the letter. The rigging team used the same procedure to hoist the second York Chiller as it had used to raise the first York Chiller into place on the roof of the building.
(A photograph of the lifting diagram on the inside of the door of the subject York Chiller are enclosed for your convenience).

Lake HVAC, the HVAC subcontractor on the jobsite, had removed most of the plastic shrink-wrap coating on the York Units on October 20, 2009. However, the shrink-wrap coating on the base of the units was not accessible until the units were actually hoisted off the ground. Mr. Erickson was in the process of reaching up to rip off the remaining plastic shrink-wrap from the base of the York Chiller when the incident occurred.

At the time the Chiller units left its control, Johnson Products, Inc. ("Johnson") was aware that it would be necessary for people installing the units to lift the units in order to completely remove the shrink-wrap from the units. We contend that the need for people to enter the zone of danger in order to perform a necessary and foreseeable task – removing otherwise unreachable shrink-wrap from under the raised Chiller unit - created an unreasonable risk of harm to all persons so situated.

Mr. Erickson, who is 5 foot, 10 inches tall, reports that he heard Randy Brigham, another member of the rigging crew, yell "look out!." As soon as Mr. Erickson heard Mr. Brigham's voice he was struck in the right shoulder and elbow by the electrical box side of the York Chiller which actually bounced off the ground and struck Mr. Erickson's

right leg, crushing his right tibia/fibula.  Witnesses at the scene described Mr. Erickson's right calf as being completely de-gloved.

Mr. Erickson was Med-Flighted to Massachusetts General Hospital where he was treated for the devastating injuries inflicted upon him by the impact of the 13,298 lb. York Chiller.

Since Johnson is a merchant which deals in goods of this kind and which are packaged in the manner these goods were packaged, and since Johnson holds itself out as having knowledge or skill peculiar to such goods pursuant to M.G.L. chapter 106, §2-104(1), Johnson had a duty to anticipate the environment in which the product would be lifted and to design/warn against the reasonably foreseeable risk attending the lifting of its product into place. Backs Wicks Corp., 375 Mass. 633(1978).

It is clear that Johnson anticipated the specific requirements necessary to lift the York Chiller into place using a crane and hoists. Indeed, the York Chiller comes with a diagram outlining the required lifting procedure for putting the unit into place.  Since there is no evidence that the crane operator, the crane, or the hoisting system malfunctioned in any way on October 21, 2009, it is clear that Johnson breached its warranty of merchantability with respect to the York Chiller by designing the Chiller and its packaging in such a manner that - even when hoisted using Johnson's specific lifting procedure - the unit became unbalanced and fell, injuring Mr. Erickson.

Johnson, as a manufacturer and packager of large and heavy air conditioning equipment, is required to design such equipment in a manner in which it will not become unbalanced during the performance of routine lifting operations drafted by Johnson itself. Furthermore, Johnson is required to formulate a procedure which is safe for use in the routine lifting and unwrapping of its units. As is apparent, Johnson failed to formulate a proper procedure for removing wrapping from the bottom of the York Chiller: The plaintiff and others working on the machine should not have been obliged to enter the zone of danger under the machine. Having failed to do so, Johnson breached its implied warranty of fitness for a particular purpose.  In fact, Johnson's own lifting diagram establishes that it knew that crane operators and lifting crews would rely upon its expertise and skill with respect to lifting its products safely into place. Fernandez v. Union Book Keeping Company, 400 Mass 27(1987). Clearly, Mr. Erickson's injuries resulted from this breach of the warranty of fitness for a particular purpose.

Furthermore, the center of gravity of the York Chiller unit was not marked. Other manufacturers mark their units so that the installer can be sure to avoid the possibility of the machine tipping while it is being put into place. The machine-mounted hoisting diagram (see attached) presents the hoisting team with a misleading "one-size-fits-all" set of instructions for lifting the York Chiller. The unit shown in the diagram is larger than the unit the claimant was involved in lifting, and the diagram gives no indication that adjustment of the lifting plan needs to be made for differences in the size of units being installed.

Finally, it appears that Johnson Controls failed to manufacture the York Chiller unit with a sufficient number of eyelets on its base for shackles to attach to in order to

safely complete the lifting of the unit. The eyelets installed on the unit were not placed properly and their positioning prevented optimal distribution of the unit's weight during lifting. It is clear that the unit was not properly balanced, despite the riggers' compliance with the York Chiller's hoisting diagram. When Mr. Erickson and his coworkers entered this zone of danger, about which Johnson was aware – or in the exercise of reasonable care, should have been aware – they were placed in a position of peril from which Mr. Erickson would not escape unscathed.

## II. Damages

As noted above, Mr. Erickson was taken by helicopter from the scene of the accident to Massachusetts General Hospital where he was treated for a crushing injury to his lower leg, and a fracture of the shaft of his tibia and fibula. He was admitted to Massachusetts General Hospital where he underwent several operations. On October 21, 2009, he underwent an open reduction/internal fixation of his right medial malleolus fracture as well as an irrigation and debridement of the wounds to his right leg. During the surgery the right tibia was nailed back together using 10 x 360 mm tibial nails. Additionally, the right medial malleolus fracture was partially threaded using cancellous screws. Mr. Erickson was transferred to a post operative floor in stable condition.

On October 23, 2009, Mr. Erickson was returned to the operating room for right lower leg irrigation and debridement and vacuum dressing change. The orthopedic team at Massachusetts General consulted the plastic surgery service for wound coverage of the injuries to Mr. Erickson's right leg. On October 27, 2009, Mr. Erickson was transferred to the plastic surgery service and taken to the operating room for a three-tissue transfer, split-thickness skin graft. Mr. Erickson progressed post-operatively as expected with his pain being controlled by IV pain medications, which were later transitioned to oral medication.

Mr. Erickson began occupational therapy at Massachusetts General and was provided with a splint. By the time of his discharge on November 4, 2009, Mr. Erickson was stable and the left leg incision was clean and dry. The skin graft itself was in good shape and he was discharged with instructions to continue with bed rest and to follow up with the Massachusetts General Hospital Clinics.

Mr. Erickson's medical bills to date exceed $308,000.00.

A significant complication for Mr. Erickson's recovery in the instant case is the fact that, in September 1996 while riding a motorcycle, Mr. Erickson sustained a serious injury which resulted in the amputation of Mr. Erickson's left leg below the knee. Following the surgery Mr. Erickson was fitted with a prosthesis. Thereafter, Mr. Erickson returned to work and was working full-duty without restrictions at the time of the October 21, 2009 injury. Due to the severity of Mr. Erickson's right leg injury, coupled with his previous left leg prosthesis, Mr. Erickson's ability to earn wages in the future will undoubtedly be compromised as he will now be forced to attempt to work with a damaged right leg in addition to his left leg prosthesis.

Mr. Erickson missed nearly a year from work following this accident, and it is fair to assume that one of the effects of this terrible ordeal will be the shortening of his work life.

Any suggestion that Mr. Erickson was responsible for this accident is without merit. Under well-settled principles of product liability law, once a breach of warranty is established by the plaintiff the defendant is strictly liable and comparative negligence is not an available defense. Moreover, there is, and will be, no evidence that Mr. Erickson failed to exercise reasonable care for his own safety. At the time of the accident, he was in the process of removing shrink-wrap from the Chiller which was being lifted in accordance with Johnson's lifting instructions. Consequently, your company is strictly liable to Mr. Erickson for breach of the implied warranties of merchantability and fitness for a particular purpose.

**III. Demand**

In the interest of good faith settlement negotiations, Peter Erickson has authorized this office to convey a settlement demand in the amount of $3,000,000.00. In view of the substantial injuries sustained by Mr. Erickson, including his severe right leg injury which had to be surgically repaired with the installation of nails and screws and the disfigurement to his right leg, a jury could easily award him damages in excess of $3,000,000.00.

This written demand for relief/settlement will remain open for thirty (30) days from the date of your company's receipt of this letter, after which time the offer will be withdrawn and we will proceed to file a claim against your company which will include a claim for violations of M.G.L. c. 93A.

Please be advised that if the settlement offer tendered is not reasonable, we will seek – and the Court may award – not less than twice nor more than three times his actual damages together with costs and attorneys' fees.

I look forward to your company's written tender of settlement within the thirty (30) days of your receipt of this demand letter.

Very truly yours,

Richard J. Sullivan

RJS/gs:
Encl.
cc: Peter Erickson
Nadine Bailey, Esq.







| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>Superior Court Department<br>County: **SUFFOLK** | Docket No 11-0989 |
|---|---|---|

| Plaintiff(s) | Defendant(s) |
|---|---|
| **PETER ERICKSON** | **JOHNSON CONTROLS, INC.** |
| Attorney(s), Firm Name, Address, and Telephone<br>**Richard J. Sullivan, Esq., BBO#554085**<br>**Sullivan & Sullivan, LLP**<br>**40 Washington Street**<br>**Wellesley, MA 02141**<br>**Tel: (781) 263-9400** | Attorney(s) (if known) |

**ORIGIN CODE AND TRACK DESIGNATION**

Place an (x) in one box only:

( x ) 1. F01 Original Complaint
( ) 2. F02 Removal to Sup. Ct. c. 231, § 104 (F) (Before trial) (F)
( ) 3. F03 Retransfer to Sup. Ct. c. 231, § 102C (X)
( ) 4. F04 District Ct. Appeal c. 231, § 97 (X)
( ) 5. F05 Reactivated after Rescript; Relief from judgment/order (Mass. R. Civ. P. 60) (X)
( ) 6. E10 Summary Process Appeal (X)

MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE
2011 MAR 15 PM 2:54

**TYPE OF ACTION AND TRACK DESIGNATION (See Reverse Side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| **B05** | **Products Liability** | **(A)** | **(x) Yes** ( ) No |

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:

| | |
|---|---|
| 1. Total hospital expenses | $308,000.00 |
| 2. Total Doctor expenses | $0.00 |
| 3. Total chiropractic | |
| 4. Total physical therapy | $0.00 |
| 5. Total other expenses - X-Ray | $0.00 |
| **Subtotal** | $308,000.00 |

B. Documented lost wages and compensation to date $50,000.00
C. Documented property damage to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe)
G. Brief description of plaintiff's injury, including nature and extent of injury (describe): **Plaintiff's leg was trapped under defendant's 13,298 pound air conditioner unit which was being lifted into place, causing a degloving injury of plaintiff's lower leg and numerous fractures.**

TOTAL **$358,000.00**

**CONTRACT CLAIMS**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record of Plaintiff [signature]

Date 3/15/11

I HEREBY ATTEST AND CERTIFY ON May 2, 2011, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: [signature]
Asst. Clerk

3

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 11-0989D

PETER ERICKSON, Plaintiff(s)

v.

JOHNSON CONTROLS, INC., Defendant(s)

2011 APR 21 PM 12:00
SUFFOLK SUPERIOR COURT
MICHAEL JOSEPH DONOVAN
CLERK MAGISTRATE

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon RICHARD J. SULLIVAN SULLIVAN & SULLIVAN, LLP plaintiff's attorney, whose address is 40 WASHINGTON ST., WELLESLEY, MA 02481, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the 22ND day of MARCH, in the year of our Lord two thousand ELEVEN.

Michael Joseph Donovan
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 11/10

I HEREBY ATTEST AND CERTIFY ON May 2, 2011, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: [signature]
Asst. Clerk