UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PETER ERICKSON,
    Plaintiff

v.

JOHNSON CONTROLS, INC.,
    Defendant/Third-Party
    Plaintiff

C.A. No. 1:11-cv-10701-NMG

JOHN MORIARTY & ASSOCIATES,
INC., LAKE INDUSTRIES d/b/a
LAKE HVAC, INC. a/k/a LAKE
INDUSTRIES, INC.,
    Third-Party Defendants/
    Fourth-Party Plaintiffs
v.

ASTRO WELDING &
FABRICATING, INC.,
    Third-Party Defendant

v.

G&M TRUCKING, INC.
    Fourth-Party Defendant

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT, JOHN MORIARTY & ASSOCIATES, INC.'S MOTION TO DISMISS COUNT V OF PLAINTIFF'S AMENDED COMPLAINT

Now comes the Plaintiff, Peter Erickson, and in support of his Opposition to Defendant, John Moriarty & Associates, Inc's Motion to Dismiss Count V of Plaintiff's Amended Complaint states the following:

I - Procedural History

Peter Erickson filed his original Complaint and Jury Claim against Johnson Controls, Inc. ("JCI") in Suffolk Superior Court on March 15, 2011. Plaintiff served his Complaint, Civil Action Cover Sheet, and written discovery requests upon CT Corporation Systems, the defendant's Registered Agent in Massachusetts, on March 28, 2011.

Plaintiff's Complaint seeks money damages to compensate him for the severe injuries he suffered on October 21, 2009, while working on a jobsite for a rigging subcontracting company in Waltham, Massachusetts. On that date a 13,200 pound air-conditioning unit, known as a "York Chiller", and manufactured by JCI, fell from its rigging and inflicted horrific injuries on the plaintiff's right leg and arm.

In his Complaint, the plaintiff seeks to recover against JCI, a foreign corporation domiciled in the state of Minnesota, on theories of negligence (Count I), breach of implied warranty (Count II), breach of express warranties (Count III), and violations of the consumer protection statute, M.G.L. c. 93A (Count IV). Prior to the start of litigation, the plaintiff served JCI with a Demand Letter pursuant to Massachusetts General Laws Chapter 93A. In the letter, the plaintiff outlined his theory of the case, based on facts known to him at that time. After JCI spent a long period of time ostensibly reviewing the claim, it informed the plaintiff that no offer of settlement would be made.

This action was filed in the Superior Court of the Massachusetts Trial Court following receipt of JCI's decision not to make an offer of settlement.

On April 28, 2011 the case was removed to the United States Federal District Court for the District of Massachusetts, Boston Division, by JCI on the basis of diversity of citizenship.

On May 2, 2011 JCI filed a third-party complaint against third-party defendants John Moriarty & Associates, Inc. ("JMA"), Lake Industries ("Lake"), and Astro Welding & Fabricating, Inc. ("Astro"), all of whom are domiciled in the Commonwealth of Massachusetts.

On June 14, 2011, JMA filed a fourth-party complaint against the plaintiff's employer at the time of his accident, G&M Trucking, Inc. (G&M). G&M is a Massachusetts business corporation.

In the course of discovery, the parties engaged in a series of depositions involving nearly thirty individuals, variously employed by the corporate entities involved in this case. Additionally, thousands of pages of documents have been produced by the parties. In the next several weeks, depositions will be conducted in England and in various locations in the United States.

During discovery, it became clear to the plaintiff that the center of gravity of the York Chiller was an important issue in the case. In discovery, JCI and JMA both produced a document known as a "product drawing" which indicated the location of the center of gravity on the subject chiller. Factually, it appears that this document existed in July of 2009, at the time that JCI submitted a bid to JMA to provide HVAC equipment to the jobsite on which plaintiff was subsequently injured on October 21, 2009. It also appears from the discovery to date that the document was never given to Mr. Erickson's employer, the rigging subcontractor. Additionally, plaintiff suggests, the evidence

adduced to date shows that there was negligence on the part of both JMA, the general contractor on the jobsite, and Lake Industries, JMA's HVAC subcontractor.

In light of the facts obtained from discovery, and with leave of Court, on March 21, 2012, the Plaintiff filed his First Amended Complaint, asserting direct claims against third-party defendants, JMA and Lake.

JMA has filed a Motion to Dismiss so much of the Amended Complaint as pertains to JMA (Count V of the Complaint) due to the fact that direct claims of the plaintiff against JMA and Lake defeat diversity of citizenship.

II – <u>Fundamental fairness demands that the plaintiff be able to assert direct claims against parties who may be liable to him, and to assert all such claims in a single forum.</u>

It is reasonable to infer that, at the time of removal from state court, the defendant, JCI, had formed the intention to add third party claims once this case reached the Federal Court. Clearly, the record shows that the Third Party Complaint followed the removal by only five (5) days. It seems fair to infer that JCI knew at that time that it possessed documents which would be responsive to the discovery requests served with the Complaint in the Superior Court case, and which would potentially implicate the third party defendants. Thus, JCI seeks to limit its exposure to the plaintiff by bringing claims against other parties, while depriving the plaintiff of the same right: Amendment of pleadings is favored under Rule 15 of the Massachusetts Rules of Civil Procedure, and, had the case remained in state court, the plaintiff could have sought to add direct claims against JMA and Lake with relative ease, once the facts supporting his claims against them had become manifest in the course of discovery.

Thus, it is respectfully requested that the Motion to Dismiss should be denied as it is clear that JCI sought to invoke its rights under the diversity statute, knowing all the while that it was going to foreclose the plaintiff's right to a full and fair hearing of all possible aspects of his claims. To allow JMA to have plaintiff's direct claim against it dismissed may deprive plaintiff of his remedy, or, if the Court chooses to remand the plaintiff's claims against JMA and, potentially, Lake, to state court, it may interfere with judicial economy and adversely impact the administration of justice.

It would be inequitable to force the plaintiff to litigate in two parallel forums, and thereby risk the possibility of contrary and opposite rulings. Such a situation could prevent any recovery for the plaintiff if the state court rules that the Federal Court defendant(s) are totally liable at the same time that the Federal Court rules that the state court defendant(s) are totally liable. In such a scenario, no defendant(s) would be legally liable to the plaintiff for his horrific and life-altering injuries. The Court must not allow such a scenario to exist and therefore must deny JMA's Motion to Dismiss.

III - Request for Delayed Ruling

If the Court chooses to deny the JMA's Motion to Dismiss and remand the case to Massachusetts state court, the plaintiff respectfully requests that the Court delay its decision on the motion until after court-ordered mediation, which is scheduled for June 1, 2012.

                                          Respectfully submitted,

                                          The plaintiff,
                                          PETER ERICKSON
                                          By his Attorneys,

                                          /s/Richard J. Sullivan, Esq.
                                          Richard J. Sullivan, Esq.
                                          BBO # 554085
                                          Eugene F. Sullivan, Jr., Esq.
                                          BBO #485720
                                          Sullivan & Sullivan, LLP
                                          40 Washington Street
                                          Wellesley, MA 02481
                                          (781) 263-9400
                                          rsullivan@sullivanllp.com
                                          gsullivan@sullivanllp.com

Dated: May 18, 2012

5

## CERTIFICATE OF SERVICE

I, Richard J. Sullivan, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 18, 2012.

/s/Richard J. Sullivan<br>
Richard J. Sullivan