United States District Court
District of Massachusetts

```
_____
                                )
PETER ERICKSON,                 )
        Plaintiff,              )
                                )
        v.                      )      Civil Action No.
                                )      11-10701-NMG
JOHNSON CONTROLS, INC., JOHN    )
MORIARTY & ASSOCIATES, INC.,    )
LAKE HVAC, INC.,                )
        Defendants,             )
                                )
ASTRO CRANE SERVICES,           )
        Third-Party Defendant,  )
                                )
G&M TRUCKING, INC.,             )
        Fourth-Party            )
        Defendant.              )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

The instant case arises from a construction site accident in Waltham, Massachusetts in October, 2009. The injured party has sued three entities for negligence, one of whom has moved to dismiss the claim against it for lack of subject matter jurisdiction. That motion is currently pending before the Court.

I.  **Background**

At the time of the accident, plaintiff Peter Erickson ("Erickson") was working at the construction site for his employer, G&M Trucking, Inc. ("G&M Inc."). Erickson alleges that he was in the process of removing shrink wrap from an air-

conditioning unit, which was being lifted by a crane to facilitate the removal, when the unit fell from the crane and struck him causing serious injury.

In March, 2011, Erickson filed a complaint in Massachusetts Superior Court against Johnson Controls, Inc. ("JCI"), the manufacturer of the air-conditioning unit, for negligence, breach of implied warranty, breach of express warranty and violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A. JCI, a Wisconsin corporation, removed the case to this Court in April, 2011 on the basis of diversity jurisdiction.  Shortly thereafter, JCI filed a third party complaint for contribution and indemnification against John Moriarty & Associates, Inc. ("JMA"), the general contractor overseeing construction, and JMA's sub-contractors, Lake HVAC, Inc. ("Lake Inc.") and Astro Crane Services ("Astro Services").  JMA, Lake Inc. and Astro Services are all Massachusetts corporations with their principle places of business in Massachusetts.  JMA and Astro Services have 1) asserted crossclaims against one another and against Lake Inc. and 2) filed separate fourth party complaints against G&M Inc., which is also a Massachusetts corporation with its principle place of business in Massachusetts.

In March, 2012, the Court allowed Erickson's unopposed motion to amend his complaint to add counts against JMA and Lake Inc.  In the amended complaint, the first four counts are

asserted against JMI, Count V asserts a claim for negligence against JMA, and Count VI asserts a claim for negligence against Lake Inc.

In April, 2012, Lake Inc. filed an answer to the amended complaint. JMA, however, moved to dismiss Count V pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that diversity jurisdiction had been destroyed when the plaintiff, a Massachusetts resident, asserted claims directly against non-diverse third-party defendants, including JMA.

## II. <u>Motion to Dismiss</u>

To maintain an action in federal court based upon diversity jurisdiction, there must be complete diversity, meaning that no plaintiff can be a citizen of the same state as any of the defendants. <u>See</u> 28 U.S.C. § 1332. Where a case is removed by a defendant from state to federal court, "[t]he addition of a non-diverse defendant in an amended complaint defeats diversity." <u>See</u> <u>Gorfinkle</u> v. <u>U.S. Airways, Inc.</u>, 431 F.3d 19, 22 (1st Cir. 2005); <u>Casas Office Machines</u> v. <u>Mita Copystar Am.</u>, 42 F.3d 668, 675 (1st Cir. 1994); <u>see also</u> 28 U.S.C. §§ 1367(b).

If a nondiverse defendant has been added but is dispensable, the court may either remand the case to state court or restore diversity jurisdiction by dismissing that defendant. <u>See</u> <u>Gorfinkle</u>, 431 F.3d at 22; <u>Casas</u>, 42 F.3d at 675; <u>see also</u> 28 U.S.C. 1447(e). When considering whether to adopt the latter

approach, the court should "carefully consider whether the
dismissal of a non-diverse party will prejudice any of the
parties in the litigation." Gorfinkle, 431 F.3d at 22 (internal
quotation omitted).

Here, Erickson added two non-diverse parties, JMA and Lake,
as defendants in the amended complaint.  Their presence defeats
diversity.  Id. at 21.  Both parties are, however, potential
joint tortfeasors and thus dispensable parties.  See id. at 22
(citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 837
(1989)) (holding that a party which is alleged to be joint and
severally liable is dispensable to the lawsuit).  Under
Massachusetts law, parties are joint and severally liable where
their concurrent, negligent actions contribute to the personal
injury of another.  See O'Connor v. Raymark Indus., Inc., 401
Mass. 586, 591 (1988).  JMA and Lake both fall within that
category because Erickson's injury resulted from a single
accident which he claims is due to the negligence of JCI, JMA and
Lake.  Thus, JMA and Lake are dispensable parties and may be
dismissed.

Dismissal of JMA and Lake will not substantially prejudice
the parties.  The possibility of piecemeal litigation is, of
course, vexing to the parties and to the judicial system.
Nevertheless, this litigation is in its early stages and pretrial
deadlines have recently been further postponed.  Furthermore, JMA

-4-

and Lake will remain in the action as third party defendants, <u>see</u>
<u>Gorfinkle</u>, 431 F.3d at 23 n.3 ("[A] joint tortfeasor defendant
dismissed with prejudice to preserve diversity jurisdiction may
still be liable to the remaining defendant for indemnity or
contribution."), and so the time and effort expended by those
defendants and the plaintiff to this juncture have not been for
naught.

Accordingly, the Court will, pursuant to JMA's motion,
dismiss Count V of the complaint.  It will also, <u>sua</u> <u>sponte</u>,
dismiss Count VI against Lake.  <u>In re Recticel Foam Corp.</u>, 859
F.2d 1000, 1002 (1st Cir. 1988) (noting that a court is obligated
to "inquire <u>sua</u> <u>sponte</u> into its subject matter jurisdiction, and
to proceed no further if such jurisdiction is wanting.").  It
will retain jurisdiction over the remaining claims and parties.

**ORDER**

In accordance with the foregoing, the motion to dismiss
filed by JMA (Docket No. 88) is **ALLOWED**.  Counts V and VI of
plaintiff's amended complaint are **DISMISSED** without prejudice.

**So ordered.**

                              /s/ Nathaniel M. Gorton
                              Nathaniel M. Gorton
                              United States District Judge
Dated August 17, 2012